454 P.2d 290

**STATE of Utah, Plaintifff and Respondent,**
v.
**George William JACKSON, Defendant and Appellant.**
No. 11340.

Supreme Court of Utah.
May 2, 1969.

---

3. Greenwood v. Jackson, 102 Utah 161, 128 P.2d 282.

Stewart M. Hanson, Jr., Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., Joseph P. McCarthy and Lauren N. Beasley, Asst. Attys. Gen., Salt Lake City, for respondent.

ELLETT, Justice:

The defendant killed his partner by shooting him in the face and neck four times. As a result, he was charged with the crime of murder in the first degree but was convicted only of the included offense of murder in the second degree. Eye witnesses testified to the shooting, and the defendant admits the homicide. However, he claims prejudicial error was committed by the court in allowing some colored pictures to be admitted in evidence. He claims them to be gory and inflammatory.

It is to be noted that the defendant had entered a plea of not guilty, and by doing so he had put upon the State the burden of proving beyond a reasonable doubt every element of the offense with which he was charged. Not only was it essential for the State to prove the killing of a human being, but it also had to estab-

lish malice aforethought before any degree of murder could be established.

The chief objection of the defendant goes to a colored slide which was taken of the victim shortly after the shooting and while blood was still oozing from the wounds.

■ There was oral testimony to the effect that the defendant shot four bullets into the face and neck of the victim, missed with two shots, and then snapped the pistol at the victim's head two more times. The defendant, therefore, reasons that there was no need for pictures at all, as the crime was amply proved. The fallacy of the reasoning is his failure to see that the oral testimony may be discounted by the jury; and while the picture may not enable the jury to count the bullet holes in the victim's face, the various sources of blood indicate a number of bleeding sources, all of which is proper as showing the viciousness of the assault and the depravity of the defendant in making it.

If an accused does not wish the jury to see the blood which his criminal hand has caused to flow, then he should choose some method other than bloodshedding to commit his murder.

■ Evidence is not necessarily incompetent because it may also be gruesome, and practically every state in the Union has so held. See the case of State v. Renzo, 21 Utah 2d 205, 443 P.2d 392 (1968),

and the cases therein cited. The law is set out in the Renzo case as follows:

* * * The extent and nature of the wound and the atrocity of the crime also were material questions. Clearly, the photographs, though cumulative, served to corroborate the doctor's testimony and were admissible for that purpose. * * * The admission of photographs rests largely in the discretion of the trial court and ordinarily his decision will not be disturbed. We cannot say the court abused its discretion.

In State v. Poe, 21 Utah 2d 113, 441 P. 2d 512 (1968), this court said:

Initially, it is within the sound discretion of the trial court to determine whether the inflammatory nature of such slides is outweighed by their probative value with respect to a fact in issue. If the latter they may be admitted even though gruesome.

It should also be noted that defendant's counsel made no objection to their admission at the time the pictures were offered in evidence. While it has been held that if error is of such a nature as to cause an improper verdict, this court may note such error without objection being made thereto, we do not believe there was any such error in this case.

The testimony further showed that the defendant bought a pistol the same afternoon of the shooting, that the homicide resulted from a dispute between partners,

and that the defendant shot the victim while decedent was sitting at his desk. The defendant claimed the victim first drew a gun, but there was no gun found despite a thorough search by the officers immediately after the shooting.

It would appear that the defendant was just plain lucky to escape the charge of murder in the first degree as laid in the Information, and he does not convince us that the jury was prejudiced against him in any manner whatsoever in finding him guilty of murder in the second degree. The trial court did not abuse its discretion in receiving the pictures in evidence.

The judgment appealed from is affirmed.

TUCKETT, J., concurs.

HENRIOD, J., concurs in the result.

CALLISTER, Justice (concurring in the result).

I concur in the result for the reason that no objecton was made to the introduction of the colored photographs; and if it were error to admit them into evidence, it was not of such a nature as to cause an improper verdict. In so concurring, I do not depart from my accord with the principles set forth in the concurring opinion of Chief Justice Crockett in State v. Renzo.

CROCKETT, C. J., concurs and also concurs in the comments of CALLISTER, J.